**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-1874

———————

HENRY UNSELD WASHINGTON,
is and at all times was mentioned herein a prisoner
of the State of Pennsylvania in the custody of the
Pennsylvania Department of Corrections,
currently confined in SCI Somerset in Somerset PA,
Appellant

v.

KANSKY DELSIMA; WILLIAM BOWERS;
PHILLIP MAUST; HEIDI SROKA; ROBERT SNYDER;
R. PESCHOCK; J. GIRONE; ELLIS KAUFFMAN;
RICHARD IRWIN; ROXANNE PLAYSO;
LARENE DONNELLY; JAMES FETTERMAN;
RICHARD HUTCHINSON; DAKOTA TESTA;
ERIC TICE; BRIAN P. HYDE

———————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:19-cv-00196)
District Judge: Honorable Lisa Pupo Lenihan

———————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: July 29, 2022)

———————————————

## OPINION[*]

PER CURIAM

Henry Unseld Washington, an inmate at State Correctional Institution – Somerset proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment in favor of defendants. We will summarily affirm.

In 2019, Washington filed a civil rights complaint alleging violations of the First, Eighth, and Fourteenth Amendments, and the Religious Land Use and Inmate Protection Act (RLUIPA), 42 U.S.C. § 2000cc, et seq. Defendants filed motions to dismiss, and the District Court dismissed the claims against Defendants Girone, Irwin, Maust, Sroka, Peschock, and Donnelly, the RLUIPA claims, and the allegation of conspiracy by certain defendants. The remaining parties submitted motions for summary judgment, and the District Court granted summary judgment in favor of defendants. Washington filed an "objection," which the District Court construed as a timely motion for reconsideration and denied. Washington now appeals and requests the appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the orders granting the motions to dismiss and for summary judgment, Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011), and the denial of the motion for reconsideration for an abuse of discretion, Walker v. Coffey, 905 F.3d 138, 143 (3d Cir. 2018). We may

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court's disposition of this case and need not repeat its thorough analyses here. In brief, the District Court correctly found no genuine question of material fact regarding Washington's deliberate indifference claim. Even assuming that Washington's medical needs are "serious," his medical records reflect that the prison's medical team responded to his frequent sick call requests and provided extensive medical care. Because medical care was provided and there is no evidence that it violated professional standards of care, we presume that his treatment was proper. Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017). There is similarly no evidence to suggest that the non-medical defendants had any reason to believe that the medical team was mistreating Washington, see Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004), or interfered with his access to treatment. Pearson, 850 F.3d at 534.

We also agree that there was no genuine factual dispute regarding Washington's conditions-of-confinement claim, as there is no evidence to suggest that he was denied the minimal civilized measure of life's necessities in his cell on the bottom tier, on a unit further from his preferred location, or in general population. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The District Court also correctly granted summary judgment on Washington's First Amendment claims. Washington's free exercise claims are unclear and largely unsubstantiated, and the District Court properly found no genuine issue of material fact regarding defendants' compliance with the settlement agreement entered in one of his

3

previous lawsuits or any other interference with his free exercise rights.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The District Court also properly found no genuine factual dispute regarding retaliation, as there is nothing to suggest that he suffered any adverse action by defendants as a result of his grievances or lawsuits.  See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).[1]

Finally, our review of the record reflects that the District Court appropriately treated Washington's "objections" as a motion for reconsideration and properly denied it as such.  The District Court thoroughly considered Washington's arguments and explained why they did not support reconsideration.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Accordingly, we will affirm the judgment of the District Court.  See 3d Cir. LAR 27.4; I.O.P. 10.6.  Washington's motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[1] We have considered Washington's remaining arguments on appeal in light of the entire record and conclude that they are meritless.